1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| 12  SECURITIES AND EXCHANGE COMMISSION, | Case No.   SACV 16-02070 JVS(DFMx) |
| 13 | **FINAL JUDGMENT AS TO THOMAS** |
| 14              Plaintiff, | **A. FLOWERS AND T.A. FLOWERS** |
| | **LLC** |
| 15        vs. | |
| 16  PATRICK S. CARTER, | |
|     808 RENEWABLE ENERGY | |
| 17  CORPORATION, | |
|     808 INVESTMENTS, LLC, MARTIN | |
| 18  J. KINCHLOE, PETER KIRKBRIDE, | |
|     WEST COAST COMMODITIES, | |
| 19  LLC, THOMAS A. FLOWERS, and | |
|     T.A. FLOWERS LLC | |
| 20 | |
| 21              Defendants. | |
| 22 | |

23
24
25
26
27
28

The Securities and Exchange Commission ("SEC") having filed a Complaint; and Defendants Thomas A. Flowers and T.A. Flowers LLC (collectively, "Defendants") having entered a general appearance, consented to the Court's jurisdiction over Defendants and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

      (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, in the absence of any applicable exemption, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless they are registered with the SEC in accordance with subsection (b) of Section 15 of the Exchange Act (15 U.S.C. § 78o(b)).

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

2    provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

3    binds the following who receive actual notice of this Final Judgment by personal

4    service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

5    attorneys; and (b) other persons in active concert or participation with Defendants or

6    with anyone described in (a).

7                                                    **V.**

8        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

9    Defendants are permanently restrained and enjoined from soliciting, accepting, or

10   depositing any monies from actual or prospective investors in connection with any

11   offering of securities provided, however, that such injunction shall not prevent

12   Defendants from purchasing or selling securities listed on a national securities

13   exchange for Defendants' own personal account.

14       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

15   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

16   binds the following who receive actual notice of this Final Judgment by personal

17   service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

18   attorneys; and (b) other persons in active concert or participation with Defendants or

19   with anyone described in (a).

20                                                   **VI.**

21       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

22   Defendants are permanently barred from participating in an offering of penny stock,

23   including engaging in activities with a broker, dealer, or issuer for purposes of

24   issuing, trading, or inducing or attempting to induce the purchase or sale of any penny

25   stock.  A penny stock is any equity security that has a price of less than five dollars,

26   except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

27                                                  **VII.**

28       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

                                                       4

are jointly and severally liable for disgorgement of $1,284,312.51, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $120,137.  Defendants shall satisfy this obligation by paying $1,404,449.51 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Thomas A. Flowers and T.A. Flowers LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Thomas A. Flowers shall pay a civil penalty in the amount of $160,000 to the Securities and Exchange SEC pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant Thomas A. Flowers may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Thomas A. Flowers may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Thomas A. Flowers as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Thomas A. Flowers shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant Thomas A. Flowers relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Thomas A. Flowers.  The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Thomas A. Flowers shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

//

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Thomas A. Flowers, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Thomas A. Flowers under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Thomas A. Flowers of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent to Entry of Final Judgment by Thomas A. Flowers and the Consent to Entry of Final Judgment by T.A. Flowers LLC are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

//
//
//
//
//
//
//

**XII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  November 21, 2016        _____

                                        UNITED STATES DISTRICT JUDGE