1  DOUGLAS M. MILLER (Cal. Bar No. 240398)
   Email: millerdou@sec.gov
2  YOLANDA OCHOA (Cal. Bar No. 267993)
   Email: ochoay@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  Alka N. Patel, Associate Regional Director
   Amy J. Longo, Regional Trial Counsel
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      Southern Division

12

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:16-cv-2070-JVS-DFM |
|---|---|
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT PATRICK S. CARTER** |
| vs. | |
| PATRICK S. CARTER, 808 RENEWABLE ENERGY CORPORATION, 808 INVESTMENTS, LLC, MARTIN J. KINCHLOE, PETER J. KIRKBRIDE, WEST COAST COMMODITIES, LLC, THOMAS A. FLOWERS, and T.A. FLOWERS LLC, | |
| Defendants. | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   The Securities and Exchange Commission ("SEC" or "Commission") having

2   filed a Complaint and Defendant Patrick S. Carter ("Defendant" or "Carter") having

3   entered a general appearance; consented to the Court's jurisdiction over Defendant

4   and the subject matter of this action; consented to entry of this Final Judgment without

5   admitting or denying the allegations of the Complaint (except as to jurisdiction and

6   except as otherwise provided herein in paragraph X); waived findings of fact and

7   conclusions of law; and waived any right to appeal from this Final Judgment:

8                                       **I.**

9         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

10   permanently restrained and enjoined from violating, directly or indirectly, Section

11   10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §

12   78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

13   any means or instrumentality of interstate commerce, or of the mails, or of any

14   facility of any national securities exchange, in connection with the purchase or sale of

15   any security:

16        (a)   to employ any device, scheme, or artifice to defraud;

17        (b)   to make any untrue statement of a material fact or to omit to state a

18              material fact necessary in order to make the statements made, in the light

19              of the circumstances under which they were made, not misleading; or

20        (c)   to engage in any act, practice, or course of business which operates or

21              would operate as a fraud or deceit upon any person.

22         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

23   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

24   binds the following who receive actual notice of this Judgment by personal service or

25   otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

26   (b) other persons in active concert or participation with Defendant or with anyone

27   described in (a).

28   ///

1

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, in the absence of any applicable exemption, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

3

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from soliciting, accepting, or depositing any monies from actual or prospective investors in connection with any offering of securities, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for Defendant's own personal accounts.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

4

1    is liable for disgorgement of $$14,628,767.87, representing profits gained as a result

2    of the conduct alleged in the Complaint, together with prejudgment interest thereon in

3    the amount of $1,317,461.04.  Defendant shall satisfy this obligation by paying

4    $15,946,228.91, to the Securities and Exchange Commission within 14 days after the

5    entry of this Final Judgment.

6      Defendant may transmit payment electronically to the Commission, which

7    will provide detailed ACH transfer/Fedwire instructions upon request.  Payment

8    may also be made directly from a bank account via Pay.gov through the SEC

9    website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by

10    certified check, bank cashier's check, or United States postal money order payable

11    to the Securities and Exchange Commission, which shall be delivered or mailed to

12
13
14
         Enterprise Services Center
         Accounts Receivable
         Branch 6500 South
         MacArthur Boulevard
         Oklahoma City, OK 73169

15    and shall be accompanied by a letter identifying the case title, civil action number,

16    and name of this Court; Patrick S. Carter as a defendant in this action; and specifying

17    that payment is made pursuant to this Final Judgment.

18      Defendant shall simultaneously transmit photocopies of evidence of payment

19    and case identifying information to the Commission's counsel in this action.  By

20    making this payment, Defendant relinquishes all legal and equitable right, title, and

21    interest in such funds and no part of the funds shall be returned to Defendant.  The

22    Commission shall send the funds paid pursuant to this Final Judgment to the United

23    States Treasury.

24      The Commission may enforce the Court's judgment for disgorgement and

25    prejudgment interest by moving for civil contempt (and/or through other collection

26    procedures authorized by law) at any time after 14 days following entry of this Final

27    Judgment.  Defendant shall pay post judgment interest on any delinquent amounts

28    pursuant to 28 U.S.C. § 1961.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Patrick S. Carter to Entry of Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**XI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**XII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  September 20, 2021

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

6