FILED

DEC 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>PATRICK S. CARTER,<br><br>    Defendant-Appellant. | No. 21-56170<br><br>D.C. No.<br>8:16-cv-02070-JVS-DFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 17, 2022
San Jose, California

Before: SCHROEDER, GRABER, and FRIEDLAND, Circuit Judges.

  Patrick Carter appeals the district court's judgment ordering disgorgement of $14,628,767.87 plus prejudgment interest of $1,317,461.04, resulting from the SEC's civil enforcement action. Carter entered into a Consent to Entry of Judgment ("Consent") and agreed to be permanently enjoined from violating

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sections 10(b) and 15(a) of the Exchange Act, Exchange Act Rule 10b-5, and Sections 5 and 17(a) of the Securities Act of 1933. The Consent provided the following paragraph in connection with how the Commission's motion for disgorgement should be determined:

> [T]he allegations of the Complaint shall be accepted as and deemed true by the Court; and . . . the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Carter argues on appeal that the district court abused its discretion in ordering Carter to disgorge profits calculated using $13,440,690.65 as the amount of proceeds Carter obtained from the sale of his Founder Shares. He argues that the Commission failed to provide admissible evidence showing that he received $13,440,690.65 from the sale of his Founder Shares. Carter consented to the truth of the allegations of the complaint, however, and the complaint alleged that he had received "approximately $14 million" from the sale of Founder Shares to investors. In light of the terms of the Consent and the documentation provided, the Commission was not also required to supply evidence that the amount Carter received was between $13 and $14 million.

**AFFIRMED.**